## Ziegler's License

*Thomas I. Guerin*, for petitioner.

*C. James Todaro* and *Harry A. Mackey*, contra.

HEILIGMAN, J., February 19, 1936. — The petition in this case, alleging violations on October 9, 1935, of the

Liquor Control Acts, was filed on November 14, 1935, and duly served on the licensee, together with notice of the place of the hearing thereon on November 29, 1935. The hearing ·was continued many times, until February 7, 1936, when the case was heard. The averments of the petition as to the violations are admitted, but since the 1935 license which the Commonwealth seeks to revoke apparently expired on December 31, 1935, the defense raised by the licensee and by the owner of the premises where the violations occurred is that the proceedings had become moot before the hearing was held.

The act in force at the time the violations were detected was the amended Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246. Section 409 changes the license year from the calendar year to a period to be fixed by the board, but until the board designates the period the licenses issued for 1935 continue until December 31, 1935, "unless revoked or suspended": section 802. The court is not informed whether or not the board has made a change in the license year for the license in question and therefore assumes that said license expired on December 31, 1935.

Revocation of a license means, of course, that the license is rescinded and withdrawn from further use before it expires by its terms. If loss of use were the sole effect of revocation, the expiration of the license would accomplish the same result and a proceeding for revocation after the expiration of a license would be useless, as respondents contend. However, by the provisions of sections 406 and 410 of the act, revocation of a license is made the condition precedent for further penalties. After revocation has been decreed, the bond of the licensee may be forfeited, the licensee becomes for three years ineligible to receive a license, and the property, where the violation on which the revocation is based occurred, cannot receive a license for at least a year. It will thus be seen that revocation has a far broader effect than merely ending the use of the license, and hence a revocation accom-

plishes considerably more than an expiration or even suspension. In short, a revocation is tantamount to a verdict or judgment that a serious violation has occurred during the term of the license, to be followed by the other penalties provided for by the act.

The purpose of the Liquor Control Act is to protect the health, peace, and morals of the people of this State, and "all of the provisions of this act shall be liberally construed for the accomplishment of this purpose": section 3. The statute should be given a broad interpretation where necessary to carry out its clear purpose: Revocation of Wolf's License, 115 Pa. Superior Ct. 514, 520. It would not be construing the act liberally or even equitably if we were to hold that the mere accident of the date of the hearing on the petition for revocation should exempt some offenders from the full penalties provided by the law. As pointed out by Judge Kun in In re Feinstein's License, December term, 1934, of this court, Liquor Docket, no. 84, to hold that a revocation could not be decreed after the expiration of the license year would open the door for many inequalities in the enforcement of the act. Those violations that occurred so close to the expiration of the license year that a petition could not be prepared, or a hearing held, or a decision rendered by the court prior to the expiration, would go practically unpunished, and the sureties on the bonds would be relieved of liability. It does not need to be said that the law was intended to penalize in full violations occurring at any time, and the required bonds are conditioned only for the "faithful observance" of the liquor law, without limitation as to the time of a hearing on revocation and forfeiture. In addition, the Superior Court, in Revocation of Wolf's License, supra, said in an analogous case that revocation proceedings are not rendered moot by the expiration of the license.

For the foregoing reasons, it is our opinion that the filing of the petition for revocation prior to the expiration of the license year, followed by a hearing thereon within

a reasonable time and proof of the violations during that year, is sufficient, whether the license has expired or not, to justify the court in invoking such penalties provided by the act as to it seem proper. We leave open for future consideration whether the petition must be filed before the expiration of the license year and, if not, what limitation of time should be placed upon the filing of such petitions.

### Decree

And now, to wit, February 19, 1936, the prayer of the petition is granted, and the license issued to T. Frank Ziegler by the Pennsylvania Liquor Control Board for the license year of 1935 is revoked, and the bond entered by the said licensee with the Pennsylvania Liquor Control Board at the time of the issuance of such license is hereby declared forfeited.